| | |
|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br>Address:     501 N. Elizabeth Street<br>                    Pueblo, CO 81003<br>Telephone:  (719) 404-8700 | DATE FILED: March 15, 2021 9:11 AM<br>FILING ID: C5F0DB6DFE666<br>CASE NUMBER: 2021CV30098 |
| AMANDA WITTMAN,<br><br>     Plaintiff,<br><br>v.<br><br>SOUTH CENTRAL BOARD OF COOPERATIVE EDUCATIONAL SERVICES,<br><br>     Defendant. | ▲   COURT USE ONLY   ▲ |
| *Attorneys for Plaintiff*:<br><br>Paul F. Lewis, #14183<br>Michael D. Kuhn, #42784<br>Andrew E. Swan, #46665<br>LEWIS \| KUHN \| SWAN PC<br>620 North Tejon Street, Suite 101<br>Colorado Springs, CO  80903<br>Telephone:  (719) 694-3000<br>Email:        plewis@lks.law<br>                    mkuhn@lks.law<br>                    aswan@lks.law | Case No.:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Amanda Wittman ("Ms. Wittman"), by and through counsel, Lewis Kuhn Swan PC, submits her Complaint and Jury Demand ("Complaint") against Defendant South Central Board of Cooperative Educational Services ("SCBOCES") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Ms. Wittman is and was at all times relevant to this Complaint a resident of Pueblo County, Colorado.

2.     SCBOCES is a quasi-governmental intermediate service agency created by Colorado legislation with its principal place of business in Pueblo County, Colorado.

3.     This Court has personal jurisdiction over SCBOCES because this action arises out of a contract that was to be performed in Colorado.

**EXHIBIT A-1**

4. This Court has subject matter jurisdiction over this dispute because this Court is one of general jurisdiction.

5. Venue is proper in this Court pursuant to Colo. R. Civ. P. 98(c) because, among other things, the events giving rise to this action occurred in Pueblo County, Colorado.

## GENERAL ALLEGATIONS

6. SCBOCES is an intermediate service agency that provides educational services to 12 school districts in Crowley, Custer, Fremont, Huerfano, Las Animas, Otero, and Pueblo Counties.

7. SCBOCES is governed by a Board of Directors (the "Board"), which operates out of SCBOCES's central office in Pueblo West. The Board sets SCBOCES's policies and has authority to hire and fire employees.

8. Ms. Wittman has been employed by SCBOCES for approximately 10 years. She has spent most of this time in the role of Chief Financial Officer, a position she held at all points relevant to this Complaint. Her job duties include managing SCBOCES's finances, overseeing fiscal and regulatory compliance, projecting future budgetary needs, supervising human resources, handling information technology requirements, and managing buildings.

9. Ms. Wittman's job performance as Chief Financial Officer has consistently been above average.

10. Ms. Wittman's employment by SCBOCES is governed by a contract (the "Contract"), which was executed on May 9, 2018. In its original form, the Contract stated that SCBOCES was obligated to employ Ms. Wittman for a one-year term, which would renew automatically on February 1 of each year.

11. On June 12, 2019, Ms. Wittman and SCBOCES agreed to amend the Contract by extending the term from one year to two years. While the parties agreed to amend the Contract term, they did not agree to amend the automatic renewal provision. Accordingly, the Contract, as amended, still renews automatically for a two-year term in February of each year.

12. Because the Contract last renewed in 2020, it is set to expire on June 30, 2022. In other words, SCBOCES is contractually obligated to employ Ms. Wittman through June 30, 2022.

13. In or around July 2018, Amy Bollinger ("Ms. Bollinger") became SCBOCES's Executive Director. She is responsible for the overall leadership and management of SCBOCES and has direct supervisory authority over Ms. Wittman.

**EXHIBIT A-1**

14. Under Ms. Bollinger's leadership – or, perhaps more accurately, lack of leadership – SCBOCES's internal operations have fallen into disarray. In August 2020, an independent investigator described the organization as such:

> Multiple individuals characterized [SCBOCES] as a dysfunctional or uncomfortable work environment based on their experiences or descriptions of interactions, conversations, or conflicts within the office.

15. In the same report, the independent investigator described Ms. Bollinger as follows:

> Although Bollinger professes to welcome suggestions and input from employees, she is widely perceived as being dismissive and unreceptive to employee concerns, suggestions, and critical feedback. Her management style was characterized as "unilateral decision-making with limited collaboration." Multiple individuals expressed fear of retaliation if they openly express opinions adverse to her position.

16. Ms. Bollinger has been credibly accused of serious misconduct on more than one occasion and by numerous individuals. Among other things, there is evidence that she has violated State of Colorado regulations governing the expenditure of public funds.

17. Ms. Bollinger's disregard for applicable law stands in stark contrast to SCBOCES's prior leadership, which ran the entity in a manner garnering well-deserved public recognition and community support. Ms. Bollinger has burned its capital and led SCBOCES to now be widely considered corrupt, inefficient, opaque, and useless.

18. Ms. Bollinger's tyrannical management style and disregard for the rules caused her to come into conflict with Ms. Wittman.

19. As a loyal public servant who has built her career with SCBOCES over the last 10 years, Ms. Wittman was shocked and angered by what she reasonably perceived as flagrant misconduct by Ms. Bollinger.

20. On June 10, 2020, in a meeting with the Board, Ms. Wittman raised valid concerns about the chaotic state of SCBOCES's operations under Ms. Bollinger's leadership. Among other things, Ms. Wittman expressed concerns about the untenable workloads demanded by Ms. Bollinger as well as Ms. Bollinger's refusal to abide by certain internal processes.

21. On June 25, 2020, Ms. Bollinger retaliated against Ms. Wittman by sending a denigrating email about her to the Board. Based on its content and timing, the email was clearly retaliatory and intended to interfere with Ms. Wittman's contractual relationship with her employer.

22. On June 26, 2020, Dr. Terre Davis, then-president of the Board, admonished Ms. Bollinger for her "unprofessional and inappropriate" email to the Board concerning Ms. Wittman. Dr. Davis directed Ms. Bollinger to refrain from sending any similar emails in the future.

23. Around the same time (*i.e.*, late June 2020), Ms. Bollinger was observed engaging in certain financial improprieties involving public tax dollars. Among other things, Ms. Bollinger entered a fiscally irresponsible contract with a third party, Presence Learning, without the Board's approval. Ms. Bollinger's misconduct violated Board policies and possibly regulations affecting SCBOCES's accreditation with the State.

24. Concerned that Ms. Bollinger was violating SCBOCES's policies, and possibly the law, Ms. Wittman sent an email to Ms. Bollinger on July 6, 2020, expressing well-reasoned concerns about the Presence Learning contract.

25. The following day, on July 7, 2020, Ms. Bollinger recommended that the Board terminate Ms. Wittman's employment. Ms. Bollinger did so in an open meeting she requested. Although it did not act right away, the Board eventually took Ms. Bollinger's biased advice and, in early January 2021, informed Ms. Wittman that her Contract would not be renewed.

26. Ms. Wittman reasonably perceived the Board's early 2021 decision as an anticipatory repudiation of the Contract, which is not set to expire until June 30, 2022. On January 19, 2021, Ms. Wittman, through counsel, sent SCBOCES's attorney a letter, demanding adequate assurances that SCBOCES would perform its contractual obligations.

27. On March 12, 2021, SCBOCES, through counsel, responded to Ms. Wittman's letter, standing by its decision to breach the Contract, and refusing to provide adequate assurances of performance.

## CAUSE OF ACTION
### (Breach of Contract)

28. All previous paragraphs are incorporated as though fully set forth herein.

29. The Contract executed by Ms. Wittman and SCBOCES is a legally binding agreement, obligating SCBOCES to employ and compensate Ms. Wittman through at least June 30, 2022.

30. SCBOCES breached the Contract by, among other things, anticipatorily repudiating the Contract and refusing to provide adequate assurances of future performance.

31. Ms. Wittman has performed, or is excused from performing, her obligations under the Contract.

32. Ms. Wittman has suffered damages as a result of SCBOCES's breach in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Wittman respectfully requests the Court enter judgment as follows:

1. Judgment in her favor on her claim for relief;

2. Nominal, pecuniary, actual, and compensatory damages;

3. Pre- and post-judgment interest as permitted by law; and

4. Any such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Wittman demands a trial by jury on all issues so triable.

DATED this 15th day of March, 2021.

*/s/ Andrew E. Swan*
Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Phone:  (719) 694-3000
Email:   plewis@lks.law
             mkuhn@lks.law
             aswan@lks.law

*Attorneys for Plaintiff*

Plaintiff's Address
c/o Lewis Kuhn Swan PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903

5

**EXHIBIT A-1**