IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21–cv–01121–RMR–KMT

AMANDA WITTMAN,

    Plaintiff,

v.

SOUTH CENTRAL BOARD OF COOPERATIVE EDUCATIONAL SERVICES,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Jury Demand" (Doc. No. 11 [Mot.], filed April 21, 2021). Plaintiff filed a response in opposition (Doc. No. 12 [Resp.], filed May 3, 2021), and Defendant filed a reply (Doc. No. 18 [Reply], filed May 17, 2021).

### STATEMENT OF THE CASE

Plaintiff filed her First Amended Complaint on April 22, 2021. (Doc. No. 6 [Am. Compl.].) Plaintiff states Defendant South Central Board of Cooperative Educational Services ("SCBOCES") is an intermediate service agency that provides educational services to twelve school districts in Crowley, Custer, Fremont, Huerfano, Las Animas, Otero, and Pueblo Counties. (*Id.*, ¶ 5.) Plaintiff states she has been employed by Plaintiff for approximately ten years and has spent most of this time as the Chief Financial Officer ("CFO"). (*Id.*, ¶ 7.)

Plaintiff's employment is governed by a contract ("the Contract") that was executed on May 9, 2018. (*Id.*, ¶ 9.) Under the terms of the contract, Plaintiff alleges Defendant was obligated to employ Plaintiff for a one-year term, which would renew automatically on February 1 of each year. (*Id.*) Plaintiff states on June 12, 2019, she and Defendant agreed to amend the Contract by extending the term from one year to two years; however, the parties did not agree to amend the automatic renewal provision. (*Id.*, ¶ 10.) Plaintiff states her contract was set to expire on June 30, 2022, thus Defendant was contractually obligated to employ Ms. Wittman through June 30, 2022. (*Id.*, ¶ 11.)

The Contract provides that Defendant may unilaterally terminate the Contract without cause by making a severance payment. (*Id.*, ¶ 12.) Specifically, the contract provides:

> 5.2 Unilateral Termination by the Board: The Board may unilaterally terminate this contract at any time without cause upon making a severance payment equal to an amount equal to the remaining salary due under the term of the Agreement up to one year if multi-year term or one month for each year of the agreement.

(*Id.*, § 12.)

In or around July 2018, Amy Bollinger ("Ms. Bollinger") became Defendant's Executive Director, responsible for the overall leadership and management of Defendant, with direct supervisory authority over Plaintiff. (*Id.*, ¶ 13.) Plaintiff alleges under Ms. Bollinger's leadership Defendant's internal operations have fallen into disarray. (*Id.*, ¶ 14.) Plaintiff alleges Ms. Bollinger has been accused of serious misconduct on more than one occasion and by numerous individuals. (*Id.*, ¶ 16.) Plaintiff also alleges there is evidence that Ms. Bollinger has violated State of Colorado regulations governing the expenditure of public funds. (*Id.*)

Plaintiff alleges Ms. Bollinger's tyrannical management style and disregard for the rules "caused her to come into conflict with" Plaintiff. (*Id.*, ¶ 18.) Plaintiff states she was shocked

and angered by what she reasonably perceived as flagrant misconduct by Ms. Bollinger. (*Id.*, ¶ 20.) On June 10, 2020, in a meeting with the Board, Plaintiff raised concerns about the allegedly chaotic state of Defendant's operations under Ms. Bollinger's leadership. (*Id.*, ¶ 21.) Among other things, Plaintiff expressed concerns about the untenable workloads demanded by Ms. Bollinger as well as Ms. Bollinger's refusal to abide by budgetary procedures and other mandatory internal processes. (*Id.*, ¶ 20.)

Plaintiff alleges on June 25, 2020, Ms. Bollinger retaliated against Plaintiff by sending a denigrating email about her to the Board. (*Id.*, ¶ 21.) Plaintiff alleges the email was clearly retaliatory and intended to interfere with Plaintiff's contractual relationship with her employer. (*Id.*) On June 26, 2020, Dr. Terre Davis, then-president of the Board, admonished Ms. Bollinger for her "unprofessional and inappropriate" email to the Board concerning Ms. Wittman and directed Ms. Bollinger to refrain from sending any similar emails in the future. (*Id.*, ¶ 22.)

Plaintiff alleges around late June 2020, Ms. Bollinger was observed engaging in financial improprieties involving public tax dollars, including entering a fiscally irresponsible contract with a third party, Presence Learning, without the Board's approval. (*Id.*, ¶ 23.) Plaintiff alleges Ms. Bollinger's misconduct violated Board policies and possibly regulations affecting Defendant's accreditation with the State. (*Id.*) Plaintiff was concerned that Ms. Bollinger was violating Defendant's policies and possibly the law, and she sent an email to Ms. Bollinger on July 6, 2020, expressing her concerns about the Presence Learning contract. (*Id.*, ¶ 24.)

Plaintiff alleges on July 7, 2020, Ms. Bollinger recommended that the Board terminate Plaintiff's employment. (*Id.*, ¶ 25.) Plaintiff states the Board notified her on January 14, 2021, that her Contract would not be renewed. (*Id.*, ¶ 26.) Because Plaintiff believed the Contract was

not set to expire until June 30, 2022, she perceived the Board's decision as an anticipatory repudiation of the Contract. (*Id.*)

On January 19, 2021, Plaintiff, through counsel, sent Defendant's attorney a letter, demanding adequate assurances that Defendant would perform its contractual obligations. (*Id.*, ¶ 27.) Plaintiff states the obligations included continuing to employ Plaintiff or paying her the severance payment to which she was entitled under paragraph 5.2 of the Contract. (*Id.*) Plaintiff alleges on March 11, 2021, Defendant responded to Plaintiff's concerns by employing a "gotcha" tactic, in which they specifically convened a meeting of the Board and passed a resolution stating that the "Board has not appropriated and will not appropriate funds to fulfill the financial obligations of the BOCES associated with the Contract pertaining to the subsequent 2021/22 fiscal year." (*Id.*, ¶ 28.) Plaintiff alleges that Defendant sought an end run around its contract dispute with Plaintiff by withholding an appropriation and citing to paragraph 6 of the Contract which states that any severance payment is "contingent upon future appropriations by the Board[.]" (*Id.*, ¶ 29.)

Plaintiff alleges Defendant's decision not to appropriates funds for Plaintiff's severance payment was not motivated by financial constraints or business necessity. Plaintiff further alleges that Defendant admitted as much in the recitals of the resolution where it references the contract dispute and stated that "it strongly disputes" the contract claim, positing that not appropriating funds will defeat the claim "even if the term of the Contract could be construed" in the matter outlined by Plaintiff. (*Id.*, ¶ 30.) Plaintiff alleges Defendant retaliated against Plaintiff after she petitioned for Defendant to perform its contractual obligations. (*Id.*, ¶ 31.) On March 12, 2021, Defendant, through counsel, responded to Plaintiff's letter, standing by its

4

decision, and refusing to provide adequate assurances of performance of the Contract. (*Id.*, ¶ 33.)

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for violations of the Fifth Amendment's Takings Clause, the Fourteenth Amendment's Due Process Clause, and the First Amendment's Petition Clause, and a common law claim for breach of contract. (*Id.* at 5–7.) Plaintiff seeks money damages. (*Id.* at 7.)

Defendant moves to dismiss Plaintiff's claims in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Mot.)

## STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the

5

defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

### A.  *Fifth Amendment*

Plaintiff alleges Defendant violated her Fifth Amendment property rights by arbitrarily passing its March 11, 2021 Resolution to solely repudiate its debts, specifically Plaintiff's severance payment. (Am. Compl., ¶¶ 39–42.)

The Takings Clause of the Fifth Amendment to the U.S. Constitution provides that "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V. "The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, . . . prohibits the government from taking private property for public use without just compensation." *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001). It is well established that a plaintiff who is suing in connection with a government contract "is entitled to a takings remedy only if it is foreclosed from bringing a breach of contract action, *i.e.*, if its contract rights have been 'taken'." *Cross Continent Dev., LLC v. Town of Akron, Colo.*, 742 F. Supp. 2d 1179, 1184 (D. Colo. 2010) (citing *Pi Electronics Corp. v. United States*, 55 Fed. Cl. 279, 285 (Fed. Cl. 2003)). A "takings claim has limited applicability when a claimant has a viable breach remedy," because "[v]irtually every contract operates, not as a guarantee of particular future conduct, but as an assumption of liability in the event of non-performance.' " *Pi Electronics*, 55 Fed. Cl. at 285. Defendant acted in its proprietary capacity when it entered into the employment contract with Plaintiff, rather than its sovereign capacity. Accordingly, remedies arise from the contract itself, rather than from the constitutional protection of property

rights. *Cross Continent Dev.*, LLC, 742 F. Supp. 2d at 1184 (citing *Hughes Commc'ns v. United States*, 271 F.3d 1060, 1070 (Fed. Cl. 2002)).[1]

Plaintiff's Fifth Amendment Takings Clause Claim should be dismissed.

## B.     Fourteenth Amendment Due Process Claim

Defendant argues that Plaintiff's procedural due process claim should be dismissed.[2] (Mot. at 7–8.) Specifically, Defendant argues that Plaintiff does not have a protected property interest in her continued employment. (Mot. at 8.) However, Plaintiff is clear in her Amended Complaint that her due process claim is not based on an interest in continued employment, but instead it is based on "Defendant's decision not to appropriate funds to pay her the severance to which she is entitled . . . ." (Compl., ¶ 48.) Accordingly, Defendant's argument fails.

Upon receipt of Plaintiff's Response, and apparently realizing its mistake, Defendant, in its Reply, asserts entirely new arguments regarding why Plaintiff's procedural due process claim should be dismissed. (*See* Reply at 5–7.) Then, in a footnote, Defendant makes the disingenuous assertion that "it was not until Plaintiff filed her Response to Defendant's Motion to Dismiss that [Defendant] became aware that Wittman's Fourteenth Amendment Due Process

---

[1] In a footnote, Plaintuff contends that the Supreme Court's recent decision in *Knick v. Township of Scott*, ⸺ U.S. ⸺, 139 S. Ct. 2162, calls these principles into question. In *Knick*, the Supreme Court overruled its longstanding rule from *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), which effectively established an exhaustion requirement for § 1983 takings claims. Under that rule, a takings claim was not considered ripe, and thus could not be brought in federal court, until after "a property owner [has] pursue[d] state procedures for obtaining compensation." *Knick*, 139 S. Ct. at 2173. *Knick* concerns when a takings claim becomes ripe as a procedural matter—not what constitutes a "taking" as a substantive matter.

[2] Defendant also argues that the substantive Due Process claims should be dismissed. (Mot. at 8-9.) However, Plaintiff clarifies in her response that she does not assert a substantive Due Process claim. (Resp. at 10 n.4.)

claim was a procedural due process claim." (*Id.* at 5 n.2.)  This assertion is belied by the fact that Defendant moved to dismiss both procedural and substantive due process claims in its Motion (*see* Mot. at 7–9), although—at least regarding the procedural due process claim—based on an irrelevant argument.

When a party puts forth new arguments in a reply brief, a court may avoid error by either (1) choosing not to rely on the new arguments in determining the outcome of the motion; or (2) permitting the nonmoving party to file a surreply.  *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (citing *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164–65 (10th Cir. 1998)).  Here, based on the Defendant's failure to carefully read Plaintiff's due process claim and to address the claim with the proper arguments in the first place, the court chooses not to rely on the new arguments set forth in Defendant's Reply.

Defendant's motion to dismiss Plaintiff's procedural due process claim should be denied.

### C.     First Amendment Petition Clause Claim

In her Response, Plaintiff agrees to withdraw her First Amendment Petition Clause claim. (Resp. at 12 n.5.)

Plaintiff did not seek leave to amend her complaint to remove the claim pursuant to Fed. R. Civ. P. 15(a).  Moreover, Plaintiff has not filed a notice of dismissal of the claim, and the parties have not filed a stipulation to dismiss the claim.  *See* Fed. R. Civ. P. 41(a)(1)(A).  As such, the court considers whether dismissal pursuant to Rule 41(a) is appropriate.  Rule 41(a)(2) provides that a case may be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Rule 41(a)(2) is designed to prevent voluntary dismissals that adversely affect the opposing party.  *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005).  In

the absence of legal prejudice to the defendant, a court should ordinarily grant a plaintiff's request for dismissal without prejudice. *Id.* Although the term "legal prejudice" is not precisely defined, relevant factors to consider include "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). These factors are not exhaustive or conclusive and the court must take care to "consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.*

Defendant has not expended a great deal of effort and expense in preparing for trial on the claim, and Plaintiff did not excessively delay in withdrawing the claim. Plaintiff apparently recognized the need for dismissal of the claim after reviewing Defendant's Motion to Dismiss, and there is a sufficient explanation of the need for dismissal of the claim. Finally, Plaintiff stated his intent to withdraw the claim prior to the entry of the Scheduling Order.

Weighing the relevant factors, the court finds that dismissal of Plaintiff's First Amendment Petition Clause claim without prejudice is appropriate, as Defendant has not demonstrated that it will suffer any legal prejudice from such a dismissal. Accordingly, Plaintiff's First Amendment Petition Clause claim should be dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).

### D.     *Breach of Contract Claim*

Plaintiff claims Defendant breached her employment contract "by, among other things, anticipatorily repudiating the Contract and refusing to provide adequate assurances of future performance." (Am. Compl. ¶ 60.)

A breach of contract claim can only succeed if a plaintiff establishes "(1) the existence of a contract; (2) performance under the contract by the plaintiff or some justification for nonperformance; (3) the defendant's failure to perform under the contract; and (4) resulting damage to the plaintiff." *Hemmann Mgt. Services v. Mediacell, Inc.*, 176 P.3d 856, 859 (Colo. App. 2007).

Defendant argues that Plaintiff fails to state a breach of contract claim because the express terms of the employment contract's appropriations clause facially preclude the defendant from liability, as funds for Plaintiff's employment were not appropriated for the 2021–2022 fiscal year. (Am. Compl. at 11.) The appropriations clause found in Paragraph 6 of Plaintiff's employment contract specifically provides that "[t]he parties agree that reserves of the BOCES have not been pledged irrevocably for the payment of any obligations accruing in subsequent fiscal years;" that terms of the agreement "falling in subsequent fiscal years are contingent upon future appropriations by the Board of sufficient funds;" and the Board is released from its obligations under the contract "in the event the Board fails to make sufficient appropriations to fulfill the obligations under [the] Agreement in any subsequent fiscal year." (*Id.*) Therefore, the appropriation of funds is a prerequisite to a valid contract.

On March 11, 2021, pursuant to its authority under Colo. Rev. Stat. § 22–5–106(2), the Board passed the Resolution providing that "the Board has not appropriated and will not appropriate funds to fulfill the financial obligations of the BOCES associated with the Contract pertaining to the subsequent 2021/22 fiscal year, if any." (*Id.*) Defendant argues that, as a result of the Resolution, and pursuant to Paragraph 6 of the employment contract, the contract was

11

terminated effective the end of the current fiscal year, June 30, 2021, and each party was released from its obligations under the employment contract. (*Id.* at 11, 20.)

Thus, Defendant argues, even if Plaintiff's position that her contract runs through the 2021–2022 school year were correct, in light of the Board's Resolution declining to make appropriations to pay Plaintiff's salary under the contract for the 2021–2022 fiscal year, the defendant is relieved of its obligations, and the employment and compensation terms of Plaintiff's employment contract are unenforceable. (Mot. at 14.)

Plaintiff agrees that the severance is conditioned upon future appropriations by Defendant. However, Plaintiff argues whether such an appropriation is made is a matter vested in the discretion of Defendant and thus constrained by the implied covenant of good faith and fair dealing. (Resp. at 11 [citing *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995), *as modified on denial of reh'g* (Jan. 16, 1996)].)

> The duty of good faith and fair dealing applies when one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time. The covenant may be relied upon only when the manner of performance under a specific contract term allows for discretion on the part of either party. However, it will not contradict terms or conditions for which a party has bargained.

*Amoco*, 908 P.2d at 498. In her Amended Complaint, Plaintiff alleges Defendant's decision not to appropriates funds for Plaintiff's severance payment was not motivated by financial constraints or business necessity. (Am. Compl., ¶ 30.) Thus, Plaintiff argues, the appropriation resolution in this case lacks any modicum of good faith because it was unmoored from any legitimate budgetary purpose. (Resp. at 11.)

In its Reply, Defendant argues that its Board, as the legislative body over SCBOCES, has the statutory, and discretionary authority and responsibility to vote on and adopt annual

budgetary appropriations, such as the March 11 Resolution, and that "[i]t is not for a reviewing court to substitute its judgment for that of the board." (Reply at 8. [citing *Beacom v. Bd. of Cnty. Comm'rs*, 657 P.2d 440, 446 (Colo. 1983)].) Nevertheless, the court "should apply an abuse of discretion standard" in reviewing the Board's decision. *Tihonovich v. Williams*, 196 Colo. 144, 149 (1978) (citation omitted).

On the current record, the court finds Plaintiff has alleged sufficient facts to that Defendant acted "arbitrarily or unreasonably," *id.*, and abused its discretion in passing the March 11 Resolution. The allegations preclude dismissal of Plaintiff's breach of contract claim at this state of the proceedings.

Defendant's motion to dismiss Plaintiff's breach of contract claim should be denied.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the "Defendants' Motion to Dismiss Amended Complaint" (Doc. No. 25) be **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff's Fifth Amendment Takings Clause Claim should be dismissed with prejudice;

2. Plaintiff's First Amendment Petition Clause claim should be dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2); and

3. Defendant's motion to dismiss Plaintiff's procedural due process and breach of contract claims should be denied.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal

13

conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation de novo despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). But see, *Morales-Fernandez v. INS*, 418 F.3d 1116,

1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

Dated this 31st day of January, 2022.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

15